UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RICHARD CORDERO,

                                  Appellant,

                                                                                 <u>DECISION AND ORDER</u>

                                                                                        05-CV-6190L

                                  v.

DAVID DeLANO and
MARY ANN DeLANO,

                                  Appellees.
_____

       This is an appeal, *pro se,* by Richard Cordero ("Cordero") from a Decision and Order of Chief Bankruptcy Judge John C. Ninfo, II, entered on April 4, 2005. Cordero had filed a claim in the Chapter 13 Bankruptcy case relating to David and Mary Ann DeLano ("DeLano case").

       Chief Judge Ninfo determined, after trial and other proceedings, that Cordero had no valid claim to assert against David DeLano and he, therefore, dismissed the claim and ruled that Cordero had no right to participate further in the DeLano case. Cordero appeals from that order.

       On appeal from a bankruptcy court, the district court will not set aside the bankruptcy court's findings of fact unless they are clearly erroneous. Fed. R. Bankr. 8013. Conclusions of law are subject to *de novo* review. *In re AroChem Corp.*, 176 F.3d

I have reviewed the relevant documents in this substantial file, generated for the most part by Cordero's submissions, and find no basis to modify or reverse Chief Judge Ninfo's detailed, thorough decision. I, therefore, affirm that decision in all respects.

The preserved, appellate issues, are rather straightforward, although Cordero has expended considerable energy to make it otherwise. The DeLanos, appellees here and debtors in bankruptcy, by their attorneys, set forth whether Chief Judge Ninfo should have recused himself and whether Cordero had a valid claim.

I note, as do appellees, that many of the matters contained in Cordero's brief and prolix record, have no bearing on the issues before Chief Judge Ninfo or this Court. In fact, even a cursory review of the file demonstrates Cordero's penchant for focusing on irrelevant, extraneous matters that have required both appellees, their counsel, and Chief Judge Ninfo to spend much more time dealing with this case than the merits warranted.

Cordero spends considerable time in his brief rambling on about perceived injustices visited on him by Chief Judge Ninfo. In a similar vein, Cordero filed a motion with Chief Judge Ninfo before the trial, seeking Chief Judge Ninfo's recusal. Chief Judge Ninfo denied the motion orally at the start of the trial and indicated his intent to supplement that decision in writing. He has done so in the April 4, 2005 Decision and Order that is the subject of this appeal.

Section 455(a) of Title 28 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Adverse rulings by a judge do not in themselves show bias or warrant disqualification. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" under Section 455(a)). *See also*

*Faulkner v. National Geographic Enterprises Inc.*, 409 F.3d 26, 42-43 (2d Cir. 2005) (trial judge's denial of class certification in copyright infringement action, did not, without more, evidence bias or hostility warranting disqualification).

There was no basis for Chief Judge Ninfo to recuse himself from the trial and, therefore, there is no basis for this Court to reverse his decision. In this case, there is no evidence of any extra-judicial matters that might require consideration of recusal. At heart, Cordero seeks recusal because Chief Judge Ninfo has ruled against him in earlier court proceedings in this case. Simply because the assigned judge makes rulings, which are not to the litigant's liking, is not a basis for recusal. The system would unworkable if that were the case. Cordero can cite to nothing other than the fact he has not faired well in terms of pretrial orders. That fact, does not warrant recusal and, in fact, when that is the only reason advanced, a court would be remiss in its duties if it granted recusal.

On the merits of this appeal, that is whether Cordero had a valid claim against David DeLano, I can add nothing to what Chief Judge Ninfo has set forth in his detailed decision and order. That decision and the attachments to it, and the rest of the file, indicate clearly that Cordero was given every opportunity to conduct discovery and to present his case, such as it was, at a trial. Chief Judge Ninfo noted in his decision that Cordero completely failed to establish any entitlement to his so-called claim during the day-long trial of the case. In essence, Chief Judge Ninfo found a complete lack of proof that Cordero had any type of claim warranting prosecution in the DeLano bankruptcy matter. On appeal, in the voluminous papers filed and in Cordero's lengthy brief, as appellees note, Cordero has done virtually nothing to point out in what manner Chief Judge Ninfo erred finding no valid claim. Therefore, for the reasons stated in Chief Judge Ninfo's Decision and Order, which I adopt, there is no basis whatsoever to overturn Chief Judge Ninfo's decisions as to

whether there is a valid claim and whether he should have recused himself. In addition, although it was difficult to determine the precise nature of the arguments advanced, I have considered them all and find that none warrant relief and none require vacating or reversing Chief Judge Ninfo's Decision and Order of April 4, 2005.

## CONCLUSION

The Decision and Order of United States Chief Bankruptcy Judge John C. Ninfo, II, entered April 4, 2005, is in all respects affirmed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       August 21, 2006.